NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CHARLES WIDEMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>TRANS UNION LLC, et al.,<br><br>    Defendants. | Case Number C 02-5870 JF (HRL)<br><br>ORDER[1] (1) DENYING PLAINTIFF WIDEMAN'S MOTIONS FOR SUMMARY JUDGMENT AND FOR LEAVE TO AMEND THE COMPLAINT WITHOUT PREJUDICE; (2) DENYING DEFENDANT DOLAN'S MOTION TO STRIKE; AND (3) GRANTING DEFENDANT DOLAN'S MOTION TO DISMISS WITH LEAVE TO AMEND<br><br>[RE: Doc. Nos. 109, 146, 149) |

   Plaintiff Charles Wideman ("Wideman") moves for summary judgment and for leave to amend his complaint. Defendant Dolan Information Services ("Dolan") moves to dismiss the operative first amended complaint ("FAC") and moves to strike Wideman's opposition to the motion to dismiss. The Court has considered the parties' briefing as well as the oral arguments presented at the hearing on February 3, 2006. For the reasons discussed below, Wideman's motions will be denied without prejudice, Dolan's motion to strike will be denied, and Dolan's

---

[1] This order is not designated for publication and may not be cited.

motion to dismiss will be granted with leave to amend.

# I. BACKGROUND

This action arises out of Wideman's assertion that Defendant Trans Union LLC ("Trans Union") reported inaccurate information on his credit report.[2] Wideman initially sued only Trans Union, but subsequently amended his complaint to allege claims against Dolan, a company that specializes in collecting public record information regarding, *inter alia*, judgments, tax liens and bankruptcies. Trans Union contracts with several such agencies in order to obtain public record information for its credit reports.

Wideman alleges that Dolan[3] contracted with Trans Union to provide public record information for Wideman's geographic region; that Dolan provided information to Trans Union regarding three tax liens recorded in the Los Angeles County Recorder's Office; that Dolan did not use appropriate procedures when verifying the three tax liens; that Dolan reported inaccurate information to Trans Union; and that this inaccurate information thereafter appeared on Wideman's credit report.

The operative FAC alleges a number of claims under the Fair Credit Reporting Act ("FCRA"), as well as claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") and the Sherman Act.

# II. WIDEMAN'S MOTIONS

**A.  Wideman's Motion For Summary Judgment**

On January 4, 2006, Wideman filed a document purporting to be a brief in opposition to Dolan's motion to dismiss and in support of his own motion for summary judgment. However, Wideman did not file a noticed motion for summary judgment or obtain a hearing date for such motion from chambers. Accordingly, the Court will deny Wideman's motion for summary judgment without prejudice to his bringing a properly noticed motion for summary judgment.

---

[2] The Court previously granted Trans Union's motion for summary judgment.

[3] It appears from the record that there is some confusion as to whether Dolan actually was the agency that verified the three tax liens for Trans Union. However, Dolan concedes for purposes of the instant motion that it was in fact the furnisher of the tax lien information.

**B.     Wideman's Motion For Leave To Amend**

On January 9, 2006, Wideman filed a motion for leave to amend his complaint to add Hogan Information Systems ("Hogan") as a defendant. It appears that Hogan, rather than Dolan, may be the agency that verified the three tax liens at issue in this case. Wideman's motion for leave to amend is not properly before the Court, because Wideman did not obtain a hearing date from chambers and did not notice the motion for hearing. The Court therefore will deny the motion without prejudice to Wideman's bringing a properly noticed motion for leave to amend his complaint.

### III. DOLAN'S MOTIONS

**A.     Dolan's Motion To Strike**

As noted above, Wideman's January 4 opposition to Dolan's motion to dismiss also purports to be a brief in support of Wideman's motion for summary judgment. Wideman also filed a supplemental opposition without leave of court on January 9, 2006. Dolan moves to strike the January 4 brief on the ground that it improperly combines arguments regarding Dolan's motion to dismiss and Wideman's purported motion for summary judgment. Dolan also moves to strike the January 9 supplemental brief as unauthorized by the Court. While Dolan is correct regarding the technical defects of Wideman's briefs, the Court will exercise its discretion to consider the briefs given Wideman's *pro se* status and absent any showing of prejudice by Dolan. Accordingly, Dolan's motion to strike will be denied.

**B.     Dolan's Motion To Dismiss**

    **1.     Legal Standard**

"A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984). For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The pleading of a *pro se* litigant is held to a less stringent standard than a pleading drafted by an attorney, and is to be afforded the benefit of any doubt. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Karim-Panahi*

*v. Los Angeles Police Department*, 839 F.2d 621, 623 (9th Cir. 1988).  Further, a *pro se* litigant must be given leave to amend unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment.  *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).

### 2. FCRA Claims

All of Wideman's FCRA claims against Dolan are based upon his allegation that Dolan improperly verified -- that is, reported to Trans Union -- that three particular tax liens were on file against Wideman in the Los Angeles County Recorder's Office.  Those three tax liens also were at the heart of Wideman's claims against Trans Union.  After several rounds of briefing on Trans Union's motion for summary judgment, the Court ruled that tax lien #921943323 and tax lien #972050800 were reported accurately on Wideman's credit report, but that tax lien #93581587 was reported inaccurately on Wideman's credit report between February and April 2001.  Tax lien #93581587 stated on its face that it operated as a certificate of release of lien unless notice of lien was refiled by February 6, 2001, and there was no evidence in the record that the lien was refiled.  Accordingly, the Court concluded that the lien expired on February 6, 2001 but thereafter was reported inaccurately by Trans Union.[4]

The Court's determinations with respect to the tax liens are law of the case.  *See Pit River Home and Agr. Co-op. Ass'n v. United States*, 30 F.3d 1088, 1096 (9th Cir. 1994).  Accordingly, Wideman cannot maintain any claims based upon the inaccurate reporting of tax lien #921943323 and tax lien #972050800.  With respect to tax lien #93581587, the Court has determined that the lien was inaccurately reported after its release date of February 6, 2001.  However, it appears from the FAC and the exhibits thereto that Dolan verified that tax lien #93581587 had not been released *as of January 1, 2001*.  This representation was accurate, as the lien was not released until February 6, 2001.  Accordingly, under the law of the case it does not appear that Wideman can maintain any FCRA claims against Dolan based upon inaccurate verification of the three tax liens.

---

[4] The Court nonetheless granted summary judgment for Trans Union on other grounds.

Based upon the facts presented in Wideman's FAC and exhibits thereto, it does not appear that Wideman will be able to amend his pleading to state a claim under the FCRA. However, because Wideman is proceeding *pro se*, the Court will afford him an opportunity to amend his pleading before dismissing the FCRA claims without leave to amend.[5]

### 3.  RICO Claims

Wideman alleges that Dolan committed mail and wire fraud. The basis for the mail and wire fraud claims is unclear; the Court presumes that these claims are based upon alleged transmission of inaccurate tax lien information. If so, the mail and wire fraud claims fail because, as discussed above, it is law of the case that two of the tax liens were accurate and it appears from the FAC that Dolan verified that the third tax lien had not been released as of January 1, 2001, at which time the lien in fact had not been released.

Accordingly, the Court will dismiss the RICO claims with leave to amend.

### 4.  Antitrust Claim

Wideman alleges a violation of the Sherman Act, 15 U.S.C. § 1 *et seq.* His theory seems to be that when Dolan sold false information to Trans Union, Dolan illegally restrained Wideman's right to free trade. Section 1 of the Sherman Act provides in relevant part that "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal. 15 U.S.C. § 1. To establish a section 1 violation under the Sherman Act, a plaintiff must demonstrate three elements:  (1) an agreement, conspiracy, or combination among two or more

---

[5] Because the law of the case disposes of Wideman's FCRA claims, the Court need not address Dolan's additional arguments that Wideman lacks standing to pursue his FCRA claims, that the FCRA claims are precluded under the doctrines of res judicata and collateral estoppel; and that the FCRA claims are not adequately pled. The Court notes, however, that Dolan's standing argument misses the mark. Dolan in essence argues that because Wideman has not alleged sufficient damages, he lacks standing to sue under the FCRA. However, the type of injury Wideman alleges falls squarely within the FCRA. Accordingly, he has "standing" to pursue claims under the FCRA in the event that he can allege all of the elements of any of the statutory claims. Dolan's arguments based upon res judicata and collateral estoppel likewise miss the mark. Those doctrines are inapplicable to this Court's prior order granting summary judgment for Trans Union, because that order is interlocutory and not a final judgment on the merits. *See Kourtis v. Cameron*, 419 F.3d 989, 994 (9th Cir. 2005).

1  persons or distinct business entities; (2) which is intended to harm or unreasonably restrain
2  competition; and (3) which actually causes injury to competition, beyond the impact on the
3  claimant, within a field of commerce in which the claimant is engaged (i.e., antitrust injury).
4  *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 811 (9th Cir. 1988).  Wideman has failed to
5  allege any of these elements and the Sherman Act in fact appears to be inapplicable to the facts
6  currently alleged in the FAC.  Accordingly, the Court will dismiss the Sherman Act claim with
7  leave to amend.

### IV. ORDER

(1) Wideman's motion for summary judgment and for leave to amend his pleading are DENIED WITHOUT PREJUDICE;

(2) Dolan's motion to strike Wideman's opposition to its motion to dismiss is DENIED;

(3) Dolan's motion to dismiss the FAC is GRANTED WITH LEAVE TO AMEND; and

(4) Any amended complaint shall be filed and served within thirty days after service of this order.

DATED:  6/5/06

_____
JEREMY FOGEL
United States District Judge

Copies of Order served on:

<u>Plaintiff *pro se*</u>:

Charles Wideman
P.O. Box 525
San Martin, CA 95046

<u>Counsel for Defendant Dolan</u>:

Neil Shapiro
Law Offices of Neil Shapiro
2100 Garden Road, Suite C301
Monterey, CA 93940

Dawn M. Canty
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, IL 60661

Laurence G. Solov
Katten Muchin Rosenman LLP
2029 Century Park East
Suite 2600
Los Angeles, CA 90067

Case No. C 02-5870 JF (HRL)
ORDER DENYING PLAINTIFF WIDEMAN'S MOTIONS WITHOUT PREJUDICE ETC.
(JFLC2)